UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08458-TJH-JC | Date | September 25, 2025 |
|---|---|---|---|
| Title | Ronald Williams v. City of Los Angeles | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| none present | none present |

**Proceedings:**   (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION AND DENYING PLAINTIFF'S MOTION/OBJECTIONS TO THE CHARACTERIZATION OF HIS COMPLAINT (DOCKET NO. 19)**

On August 5, 2022, in United States District Court for the Central District of California Case No. 2:22-cv-05640-CJC-JC ("Williams I"), Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and other provisions, against the City of Los Angeles ("City"), the City's Board of Fire and Police Pension Commissioners ("LAFPP"), former Mayor Eric Garcetti, former City Attorney Mike Feuer, and LAFPP staff members Raymond Ciranna, Lis Burog (erroneously sued as Lisa Burog), and Kevin Davis (collectively "Williams I Defendants"). (Williams I Docket ("Dkt.") No. 1). The Williams I Defendants filed a Motion to Dismiss the Complaint (Williams I, Dkt. No. 14), and on March 14, 2023, the Court issued a Report and Recommendation recommending that Williams I be dismissed. (Williams I Dkt. No. 26). In particular, the Report and Recommendation concluded that the Rooker-Feldman doctrine[1] barred Plaintiff's Complaint, explaining:

> Here, plaintiff's Complaint amounts to a de facto appeal of the California Court of Appeal's [May] 1991 decision in [Williams v. City of Los Angeles, 229 Cal. App. 3d 1627 (1991)]. As noted above, the Court of Appeal's decision reversed the Superior Court's mandate for the City to reinstate plaintiff as a [Los Angeles Police Department ("LAPD")] lieutenant, concluding instead that plaintiff had retired from the LAPD in 1987 by electing to take his retirement pension, which "effectively convert[ed] his property right of continued employment into a property right to a pension" and precluded

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08458-TJH-JC | Date | September 25, 2025 |
|---|---|---|---|
| Title | Ronald Williams v. City of Los Angeles | | |

him from returning to active duty, pursuant to [former] City Charter Section 190.111.[2] Williams, 229 Cal. App. 3d at 1629-30. Plaintiff here directly challenges that decision, contending that he did not retire; that he did not convert his property right to employment into a property right to a pension; and that he was legally entitled to reinstatement of his employment pursuant to the Superior Court's 1988 writ of mandate because City Charter Section 190.111 is not applicable to him. Plaintiff further contends, repeatedly, that the City's continued reliance on the Court of Appeal's decision – including defendants' reference to plaintiff's 1987 retirement as a basis to reject his reinstatement and deny his current[] spouse's eligibility to receive a survivorship pension and health benefits – violates his right to enforce the Superior Court's writ of mandate restoring his employment. Moreover, the relief plaintiff seeks in this case necessarily would require reversal of the Court of Appeal's decision. Plaintiff specifically seeks an order requiring defendants to comply with the Superior Court's 1988 writ of mandate by reinstating his employment, despite the fact that the Court of Appeal expressly reversed the Superior Court's decision on that issue. See Williams, 229 Cal. App. 3d at 1636. Plaintiff also seeks compensatory and punitive damages against defendants, including back-payment of wages, assertedly for their violation [of] plaintiff's right to enforce the Superior Court's 1988 mandate reinstating his employment – a right plaintiff does not have *unless* the Court of Appeal's 1991 decision were reversed.

Even to the extent that some of plaintiff's claims do not directly seek relief from the Court of Appeal's decision, Rooker-Feldman nonetheless bars such claims because the issues raised therein are "inextricably intertwined' with such Court of Appeal's decision. This is because plaintiff's claims all hinge on his contentions that he did not retire from the LAPD and that he instead has a legal right to continued LAPD employment, along with the wages and benefits that entails, pursuant to the Superior Court's 1988 writ of mandate. For example, although the Court of Appeal's 1991 decision did not address whether plaintiff's current spouse of sixteen years is entitled to a survivorship pension, any claim for such entitlement would require establishing, in effect, that plaintiff was still employed by the City, and was not yet retired, when plaintiff

---

[2]["Under [former] section 190.111 of the Los Angeles City Charter, a member of the police pension system who has retired at a rank higher than sergeant cannot return to active duty." Williams, 229 Cal. App. 3d at 1629. Former City Charter Section 190.111 has since been repealed and reenacted at Section 1410, and remains largely unchanged: "A retired member . . . may file, with the Chief of the department from which he retired, a written application to be returned to active duty therein only upon the conditions . . . [t]hat his original retirement . . . had been . . . from the Police Department while holding a rank no higher than Sergeant[.]" City Charter § 1410(a)(1)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08458-TJH-JC | Date | September 25, 2025 |
|---|---|---|---|
| Title | Ronald Williams v. City of Los Angeles | | |

married his current spouse less than twenty years ago[9] – contrary to the Court of Appeal's finding that plaintiff retired in 1987 and could not be reinstated.

Plaintiff's other challenges to the administrative proceedings in 2020-2022 are likewise intertwined with the Court of Appeal's 1991 decision.  For example, plaintiff appears to assert that defendants violated due process in 2022 by denying plaintiff's claim for reinstatement and related compensation and benefits without having provided him with a hearing and an opportunity to respond, along with other procedural safeguards.  However, a procedural due process violation here would require at least that plaintiff had a protected property interest in LAPD employment, which would contradict the Court of Appeal's determination that plaintiff gave up that right by electing to take his retirement pension, "effectively converting his property right of continued employment into a property right to a pension," see Williams, 229 Cal. App. 3d at 1629-30.  Similarly, plaintiff's claims of racial discrimination and retaliatory conduct rest on plaintiff's related contentions that the denial of plaintiff's legal right to reinstatement was based on improper motives such as racial animus or retaliation for plaintiff's protected conduct, respectively.  Such claims would require this Court to reassess the Court of Appeal's conclusion that plaintiff's reinstatement was precluded by City Charter Section 190.111 and thus correctly denied by the City.  See Williams, 229 Cal. App. 3d at 1630-32.  Because these claims are all "inextricably intertwined" with the state court decision from which plaintiff's forbidden de facto appeal is brought, Rooker-Feldman deprives this Court of jurisdiction to hear them.

In addition, plaintiff's vague and conclusory allegations of "fraud" do not overcome the Rooker-Feldman bar here.  Claims based on allegations of extrinsic fraud generally are not barred by Rooker-Feldman because they are predicated on an alleged wrongful act by the adverse party, rather than a legal error by the state court.  However, extrinsic fraud is conduct that is not merely deceptive, but which also effectively "prevents a party from presenting his claim in court."  Here, plaintiff asserts that the Court of Appeal's decision itself was "fraudulent[]", but he offers no facts to support this and gives no plausible indication that any extrinsic fraud occurred to prevent him from adequately litigating the issues in the case.  As such, no exception is warranted here.

///

---

[9]As noted in defendants' letters in 2020-2022, a "Qualified Surviving Spouse" for survivorship benefits eligibility, under City Charter Section 1406, is defined as "a person who is the widow or widower of a deceased System Member or Retired Member who had been married to the Retired Member for *at least one year prior to the effective date of his or her retirement* upon a service pension or upon a nonservice-connected disability pension . . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08458-TJH-JC | Date | September 25, 2025 |
|---|---|---|---|
| Title | Ronald Williams v. City of Los Angeles | | |

(Williams I Dkt. No. 26 at 13-17 (footnote and some citations omitted; footnote added; italics in original)). Additionally, the Report and Recommendation determined that issue preclusion barred Plaintiff's complaint. (Id. at 18-21).

On April 10, 2023, the assigned District Judge accepted the Report and Recommendation and entered Judgment granting the Williams I Defendants' Motion to Dismiss and dismissing Williams I without leave to amend. (Williams I Dkt. Nos. 30-31).

On April 17, 2023, Plaintiff filed a Motion for Reconsideration and/or to Amend Judgment pursuant to Fed. R. Civ. P. 59 and 60(b)(3), 60(b)(4) and 60(b)(6). (Williams I Dkt. No. 33). On May 1, 2023, the Court denied Plaintiff's Motion for Reconsideration. (Williams I Dkt. No. 34).

Plaintiff appealed the Williams I judgment to the Ninth Circuit Court of Appeals, which affirmed the judgment on April 30, 2024, stating "[t]he district court properly dismissed Williams's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Williams's claims are a 'de facto appeal' of a prior state court judgment or are 'inextricably intertwined' with that judgment." Williams v. City of Los Angeles, 2024 WL 1877847, *1 (9th Cir. 2024) (citations omitted).

Dissatisfied with these decisions, on September 26, 2024, Plaintiff filed the pending action against the City. In particular, Plaintiff filed a "Motion as an Independent Action for Permanent Injunction, Enjoining [Defendant] From Enforcing Judgment Dismissing the Movant's Civil Complaint Brought Under 42 U.S.C. [§] 1983, 28 U.S.C. § 2202 . . . and [Cal. Code of Civ. Proc. §] 1094.5." (Dkt. No. 1 ("Complaint")). Plaintiff purports to bring this action pursuant to Fed. R. Civ. P. 60 (Complaint at 1), which preserves a court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(d)(1).[10]

Plaintiff's Complaint requests a permanent injunction enjoining the City "from enforcing the Judgment rendered by" the California Court of Appeal in Williams v. City of Los Angeles, 229 Cal.

---

[10] On December 19, 2024, Plaintiff submitted a letter to the Clerk of Court complaining that his "Motion as an Independent Action" was improperly construed as a Complaint rather than "a miscellaneous action" under Fed. R. Civ. P. 60. (Dkt. No. 19). Plaintiff's letter is procedurally improper. See Local Rule 83-2.5 ("Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge. . . . All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules."). Nevertheless, out of an abundance of caution, the Court has construed the letter as a Motion/Objections to the characterization of Dkt. No. 1. So construed, the Motion/Objections are DENIED. Plaintiff does not dispute that his Complaint – what he characterizes as a "Motion" – is a new civil action, and a "civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Therefore, the Clerk of Court did not mischaracterize Dkt. No. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08458-TJH-JC | Date | September 25, 2025 |
|---|---|---|---|
| Title | Ronald Williams v. City of Los Angeles | | |

App. 3d 1627 (1991). (Complaint at 1). Plaintiff argues the state court judgment is: void for want of personal and subject matter jurisdiction; preempted by the Supremacy and Full Faith and Credit Clauses and by the doctrines of res judicata, collateral estoppel, and judicial estoppel; based on fraudulent misrepresentation; and violates 18 U.S.C. §§ 241, 242 and 1503. (Id. at 2). Plaintiff also states he "sought the same relief in the previous federal litigation" – Williams I and the appeal therefrom, and he "seeks relief from the [Ninth Circuit's] decision denying Plaintiff's appeal. (Id. at 3, 8). Specifically, among other relief, Plaintiff requests the Court: (1) enjoin the City "from enforcing Los Angeles City Charter, Article XVIII, section 190.111, despite the opinion reduced to judgment under [Williams v. City of Los Angeles, 229 Cal. App. 3d 1627 (1991)] after finding said judgment as void for want of person and subject matter jurisdiction, based on fraudulent misrepresentation therefore enforcement of charter provision 190.111 and 190.11;" (2) grant "[d]eclaratory relief from said judgment purportedly enforcing the municipal provisions, after finding the enforcement constituting a fraudulent misrepresentation of the terms and conditions of 190.111 and 190.11;" and (3) award Plaintiff restitution for lost wages "as if his removal nullified under mandamus, had not taken place." (Id. at 9).

Federal courts, which "'are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute[,]'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)); Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 437 (2019), "are under an independent obligation to examine their own jurisdiction. . . ." United States v. Hays, 515 U.S. 737, 742 (1995) (citation omitted); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011) (A federal court "is obligated to determine *sua sponte* whether it has subject matter jurisdiction."), cert. denied, 567 U.S. 919 (2012). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (citation omitted)).

"The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006) (per curiam) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). "'Direct federal appellate review of state court decisions must occur, if at all, in the Supreme Court.'" Gouveia v. Espinda, 926 F.3d 1102, 1107 (9th Cir. 2019) (quoting Gruntz v. Cnty. of Los Angeles, 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc)), cert. denied, 140 S. Ct. 814 (2020), and 140 S. Ct. 886 (2020). Thus, "pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to hear direct or 'de facto' appeals from the judgments of state courts." Fowler v. Guerin, 899 F.3d 1112, 1119 (9th Cir. 2018), cert. denied, 140 S. Ct. 390 (2019); Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08458-TJH-JC | Date | September 25, 2025 |
|---|---|---|---|
| Title | Ronald Williams v. City of Los Angeles | | |

    Here, Plaintiff's Complaint again seeks to overturn the California Court of Appeal's May 1991 decision in Williams v. City of Los Angeles, 229 Cal. App. 3d 1627 (1991). Thus, it appears that the Rooker-Feldman doctrine bars the pending action.[11] See, e.g., Fowler, 899 F.3d at 1119 ("'It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.'" (citation omitted)); Scheer v. Kelly, 817 F.3d 1183, 1186 (9th Cir.) (Plaintiff's "challenge to the . . . decision in her own case is a de facto appeal of the [state court's decision], 'brought by [a] state-court loser[] . . . inviting district court review and rejection of [the state court's] judgments.'" (citation omitted)), cert. denied, 580 U.S. 874 (2016); Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court.").

    Additionally, Plaintiff seeks to overturn the Ninth Circuit decision affirming this Court's dismissal of Williams I. But "[s]uch collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper[,]" Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1393 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988), and this Court "has no . . . authority to 'review' any ruling of a court of appeals." Id. at 1393 n.19; see also Briggs v. Spacey, 793 F. App'x 634, 635 (9th Cir. 2020) ("To the extent that Briggs contends that the previous federal judgment should be set aside, this constitutes an impermissible collateral attack on that judgment. Contrary to Briggs's contention, Federal Rule of Civil Procedure 60 is not applicable here." (citation omitted)); Stafne v. Zilly, 337 F. Supp. 3d 1079, 1091 (W.D. Wash. 2018) ("[T]his Court lacks subject matter jurisdiction (and all other authority) to overturn a decision of the Ninth Circuit or any district court entered in a separate lawsuit."), affirmed by, 820 F. App'x 594 (9th Cir. 2020), cert. denied, 141 S. Ct. 2515 (2021).

    Moreover, "[u]nder the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the

---

[11] Furthermore, Rule 60 "does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment." Holder v. Simon, 384 F. App'x 669, 669 (9th Cir. 2010); see also Burnett v. Amrein, 243 F. App'x 393, 395 (10th Cir. 2007) ("Fed. R. Civ. P. 60(b) 'does not authorize a federal district court to relieve the Burnetts of a judgment entered in state court,' because any such action would violate the *Rooker–Feldman* doctrine." (citation omitted)); Kleidman v. Lui, 2024 WL 4338356, *4 (C.D. Cal.) ("Rule 60(b) and (d) have no application here. Rule 60 applies to final judgments or orders entered by federal courts and does not allow a district court to vacate a state court judgment. . . . [Rather,] the Rooker-Feldman doctrine applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" (citations omitted)), report and recommendation accepted by, 2024 WL 4341543 (C.D. Cal. 2024), reconsideration denied, 2024 WL 5424368 (C.D. Cal. 2024), appeal filed, No. 24-7274 (9th Cir. Dec. 3, 2024).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08458-TJH-JC | Date | September 25, 2025 |
|---|---|---|---|
| Title | Ronald Williams v. City of Los Angeles | | |

earlier suit[,]'" while issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (citations omitted). Here, it appears that Plaintiff's prior federal and state litigation precludes the pending action. (See, e.g., Williams I, Dkt. No. 26 at 18-20 (discussing preclusive effect of California Court of Appeal's May 1991 decision as well as prior federal court cases rejecting on preclusion grounds prior challenges to the City's refusal to reinstate Plaintiff in the LAPD and concluding the action was precluded because it was "no more than another futile attempt to litigate the same issues plaintiff already fully litigated and lost in the state court more than thirty years ago"); see also Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (A "'trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).'" (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987))).

Accordingly, Plaintiff's Motion/Objections to the characterization of his Complaint (Dkt. No. 19) are DENIED. Additionally, IT IS ORDERED that Plaintiff shall show good cause in writing, within twenty (20) days of the date of this Order, why this action should not be dismissed for lack of subject-matter jurisdiction under the Rooker-Feldman and collateral attack doctrines and for failure to state a claim given the preclusive effect of prior federal and state decisions. Alternatively, if Plaintiff does not wish to proceed with this action, he may instead date, sign and return the attached dismissal notice by the foregoing deadline.

**Plaintiff is cautioned that the failure timely to comply with this Order to Show Cause and/or to show good cause may result in the dismissal of this action for lack of jurisdiction, lack of prosecution, and/or failure to comply with a Court Order.**

IT IS SO ORDERED.

Attachment